25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Shalaan FISHER, Plaintiff-Appellant,
v.
Melvin GUYER, et al., Defendants-Appellees.
 No. 93-1306.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1994.
 
 Before: KEITH, MARTIN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant-Plaintiff Shalaan Fisher ("Fisher") appeals the district court's dismissal of her case for failure to state a claim under 42 U.S.C. Sec. 1983. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 In 1984, Fisher and Defendant Richard Corriveau ("Corriveau") were involved in divorce and custody proceedings in Michigan state court. During the proceedings, the court appointed Appellee-Defendant Dr. Melvin Guyer ("Guyer"), a Psychology Professor and licensed attorney, to serve as an expert witness. Guyer maintains an active program at the University of Michigan involving family and child evaluations in child custody disputes. Pursuant to his appointment, Guyer furnished the court with his evaluation and opinion as to the most appropriate custody arrangement for Fisher's and Corriveau's minor child.
 
 
 3
 Guyer recommended that Fisher and Corriveau maintain joint custody and that the child reside primarily with Fisher. After the court entered a divorce decree, Guyer continued to meet with Fisher and Corriveau as an arbitrator and attempted to resolve any custody disputes. Guyer later resigned as court appointed arbitrator in 1988 without effectively resolving the disputes. Subsequently, Corriveau initiated a second custody proceeding and subpoenaed Guyer to testify as an expert witness. The court awarded custody to Corriveau and the Michigan Court of Appeals affirmed. The Michigan Supreme Court, however, reversed and awarded custody to Fisher.
 
 
 4
 Fisher subsequently filed suit in federal court against the University of Michigan, Guyer, and Corriveau alleging Guyer's testimony violated her Fourteenth Amendment right to privacy by depriving her of custody of her child. The University of Michigan and Guyer moved to dismiss the suit. The court referred the motion to a magistrate judge who recommended: (1) dismissal of the suit, based on sovereign immunity, witness immunity and statute of limitations grounds; and (2) imposition of Rule 11 sanctions. On January 15, 1993, the district court adopted the magistrate's recommendation and dismissed the action but refused to impose sanctions. This timely appeal followed.
 
 
 5
 Plaintiff argues the district court erred by finding Guyer was entitled to immunity. Having carefully considered the record and the issues presented in the briefs and at oral argument, we find no error warranting reversal. We, therefore, AFFIRM the decision of the Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan.